UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES B. GOODMAN,

      Plaintiff,

 - against -

SAMSUNG ELECTRONICS AMERICA, INC.,

      Defendant.

---

17-cv-5539 (JGK)

**MEMORANDUM OPINION & ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 11/22/19

JOHN G. KOELTL, District Judge:

 The defendant, Samsung Electronics America, Inc. ("SEA"), has moved to stay this patent infringement action brought by the plaintiff, James B. Goodman, pending the resolution of three petitions for <u>inter partes</u> review before the U.S. Patent Trial and Appeal Board (the "PTAB") filed by SEA and two non-parties to this lawsuit, Hewlett Packard Inc. ("HP") and ASUS Computer International, Inc. ("ASUS"). Goodman opposes the motion for a stay. For the reasons that follow, SEA's motion is **granted**.

### I.

 Unless otherwise noted, the following background facts are undisputed.

 On July 20, 2017, Goodman brought this action against SEA alleging infringement of Claim 1 of U.S. Patent No. 6,243,315 (the "'315 Patent"). Compl. ¶¶ 22-26. On July 28, 2017, SEA filed an unopposed motion for an extension of time to respond to Goodman's complaint. On August 1, 2017, the Court granted SEA's

extension motion and extended the deadline for SEA to respond to the complaint to October 23, 2017.

On August 24, 2017, HP filed an unrelated petition for inter partes review before the PTAB challenging the validity of Claims 1, 5, 10, and 16 of the '315 Patent. Beasley Decl. Ex. 4, at 39-50. HP based the arguments in its August 24 petition on invalidity and prior art arguments raised in an inter partes petition that Smart Modular Technologies ("Smart Modular") had filed over a year earlier. See Beasley Decl. Ex. 5. Smart Modular's petition had caused the PTAB to institute inter partes review of the '315 Patent on February 11, 2016. Beasley Decl. Ex. 5. However, the PTAB did not resolve conclusively Smart Modular's contentions because the parties settled prior to the PTAB issuing a written decision. Beasley Decl. Ex. 6.

On August 29, 2017, SEA filed a petition for inter partes review before the PTAB challenging the validity of Claims 1 through 20 the '315 Patent. SEA's petition raises invalidity and prior art grounds never raised before in a PTAB proceeding against the '315 Patent. Beasley Decl. Ex. 1.

On October 12, 2017, ASUS filed a petition for inter partes review before the PTAB challenging the validity of Claims 1 through 20 of the '315 Patent on the same grounds as SEA's August 29 petition. Beasley Decl. Ex. 2. The same day, ASUS

2

moved the PTAB to join its petition with SEA's petition. Beasley Decl. Ex. 3.

HP's August 24, 2017, petition, SEA's August 29, 2017, petition, and ASUS's October 12, 2017, petition are currently pending before the PTAB. Goodman is required to file preliminary responses to these petitions by December, 2018. See 37 C.F.R. § 42.107(b). The PTAB is required by to decide whether to institute inter partes review based on these petitions within three months of the date when Goodman files his petition -- by the end of March, 2018, at the latest. See 35 U.S.C. § 314(b).

On October 23, 2017, SEA timely filed its answer in this action and simultaneously made the current motion to stay these proceedings until the PTAB resolves the above petitions for inter partes review of the '315 Patent.

**II.**

A federal district court has inherent power to stay an action pending inter partes review. Murata Mach. USA v. Daifuku Co., 830 F.3d 1357, 1361 (Fed. Cir. 2016); Rovi Guides, Inc. v. Comcast Corp., No. 16-cv-9278, 2017 WL 4876305, at *3 (S.D.N.Y. Oct. 27, 2017).

Three factors generally guide a court's discretion in deciding whether to issue a stay in these circumstances: "(1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a

3

stay will prejudice the nonmoving party." Rovi Guides, Inc., 2017 WL 4876305, at *3 (quoting Straight Path IP Grp., Inc. v. Verizon Commc'ns Inc., No. 16-cv-4236, 2016 WL 6094114, at *2 (S.D.N.Y. Oct. 18, 2016)).[1] A court may also consider the overall circumstances of the case to decide whether a stay is appropriate. Id. The burden is on the movant to establish that a stay is warranted. Id.

### III.

Each of the three factors described above weighs in favor of staying this action pending resolution of HP's, SEA's, and ASUS's inter partes petitions.

A stay will permit the PTAB to simplify the issues in this case. Both HP's petition and SEA's petition, which ASUS joins, challenge the validity of Claim 1 of the '315 Patent, the claim on which Goodman's entire suit is premised. Should either pending petition result in an inter partes review that declares

---

[1] SEA urges the Court to apply the test for deciding whether to issue a stay pending a PTAB proceeding to reexamine the validity of covered business method patents, which turns on "(A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial; (B) whether discovery is complete and whether a trial date has been set; (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court." Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 18(b)(1), 125 Stat. 284, 331 (2011). This test "closely resembles the stay analysis courts have applied in assessing a motion to stay pending inter partes or ex parte reexamination." Market-Alerts Pty. Ltd. v. Bloomberg Fin. L.P., 922 F.Supp.2d 486, 489 (D. Del. 2013). Nevertheless, the Court will apply the three-factor test outlined above, consistent with previous decisions of other courts in this District. E.g., Rovi Guides, Inc., 2017 WL 4876305, at *3.

4

Claim 1 of the '315 Patent invalid in part or in full, that would limit the issues in this action significantly or moot the case entirely. See Fresenius USA, Inc. v. Baxter Int'l, Inc., 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot."). Waiting for such review would therefore serve to clarify the dispute in this case.

A stay is appropriate at this stage of the proceedings. Goodman has not and cannot argue that the proceedings in this matter are too advanced to warrant a stay. Goodman filed this case just over four months ago, and SEA filed its answer about one month ago. The Court has not yet held an initial conference or issued a scheduling order affixing dates for claim construction, discovery, or trial. It would not be at all difficult to pause the proceedings at this very early stage and await an inter partes decision. Indeed, it may only serve to waste resources to litigate this matter when an inter partes review could render the case moot.

Goodman will not suffer prejudice as a result of any stay. Goodman's only argument with regard to prejudice is that a stay would delay any financial remuneration he would receive from this action. As an initial matter, Goodman's earlier consent to extend the deadline for SEA to respond to the complaint in this

action undermines his current insistence on an immediate resolution of this case. Moreover, it is well established that "mere delay in the litigation does not establish undue prejudice" for purposes of a motion to stay. Rovi Guides, Inc., 2017 WL 4876305, at *4 (quoting Rensselaer Polytechnic Inst. v. Apple Inc., No. 13-cv-633, 2014 WL 201965, at *4 (N.D.N.Y. Jan. 15, 2014)).

Prejudice normally turns on whether the party petitioning for inter partes review sought to gain an unfair advantage through timing strategically the inter partes review request or the request for a stay. Prejudice also turns on the parties' relationship and the status of the inter partes review proceedings. Id.

Here, SEA filed its petition about one month after Goodman filed his complaint in this action, and filed its request for a stay about two months thereafter. District courts have routinely issued stays pending inter partes review notwithstanding much longer delays. See, e.g., Rovi Guides, Inc., 2017 WL 4876305, at *4 (issuing stay after delay of nearly one year); ACQIS, LLC v. EMC Corp., 109 F. Supp. 3d 352, 359 (D. Mass. 2015) (issuing stay after delay of eleven months); NFC Tech. LLC v. HTC Am., Inc., No. 2:13-cv-1058, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015) (issuing stay after delay of seven-and-one-half months).

The parties' relationship consideration normally turns on whether the petitioner is a competitor with the plaintiff and is trying to use the requested stay to gain an unfair advantage in the market. Rovi Guides, Inc., 2017 WL 4876305, at *4. The record does not reveal Goodman and SEA's relationship. Nor does the record contain any evidence to suggest that SEA is using the inter partes and stay requests to gain a market advantage.

Finally, the inter partes petitions at issue here are currently pending before the PTAB, which has until March, 2018, to decide whether to institute review. See 35 U.S.C. § 314(b); 37 C.F.R. § 42.107(b). Ordinarily the fact that the PTAB has not yet decided whether to institute review may weigh against issuing a stay. See, e.g., Rensselaer Polytechnic Inst., 2014 WL 201965, at *5 ("Courts are divided on whether to grant a stay while an IPR petition undergoes initial review . . . ."). However, the cases in which a stay was denied because the PTAB had yet to decide whether to institute review involved inter partes petitions that were uncertain to be resolved in the petitioner's favor. Id. at *5-*6 (collecting cases). Here, by contrast, it appears quite likely that the PTAB will institute review. The PTAB previously initiated inter partes review of the '315 Patent based on Smart Modular's petition, and the arguments in HP's petition mirror those in Smart Modular's petition. That the PTAB did not have an opportunity to decide Smart Modular's

7

inter partes review before the parties settled renders it more likely that the PTAB will initiate inter partes review on HP's petition to resolve the issues it could not decide before. If the PTAB takes that course of action, it would make little sense to cause the parties to incur costs and expend effort litigating this matter just to have the matter stayed in March when the PTAB decides to institute review.

Goodman does not explain how he will be prejudiced by a stay and has agreed to a stay if any of the inter partes review petitions is granted. That means that the maximum length of the unconsented stay will only be about four months, which makes any argument of prejudice extremely implausible.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, SEA's motion at docket number 30 is **granted** and this action is hereby stayed until the PTAB issues a final decisions in each of the inter partes review petitions filed by HP, SEA, and ASUS.

**SO ORDERED.**

**Dated:** New York, New York
November 22, 2017

_____
John G. Koeltl
United States District Judge